FILED

MAR 15 2013

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
   DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR GARDNER,<br><br>    Plaintiff,<br><br>    v.<br><br>RSM&A FORECLOSURE SERVICES, LLC, et al.,<br><br>    Defendants. | No.  12-CV-2666-JAM-AC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE** |

    This matter comes before the Court on Defendant Nationstar Mortgage LLC's ("Defendant") Motion to Dismiss (Doc. #7) Plaintiff Edgar L. Gardner's ("Plaintiff") Complaint (Doc. #2-1) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] Plaintiff opposes the motion (Doc. #15).[2]

    For the reasons set forth below, Defendant's Motion to

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was originally scheduled for February 6, 2013.

[2] On January 23, 2013, Plaintiff filed two, identical oppositions. Doc. #14, 15. However, with the second opposition, Plaintiff attached evidentiary objections. See Doc. #15. Accordingly, the Court will consider this Opposition in response to Defendant's Motion to Dismiss and disregard the prior filing.

1

Dismiss is granted.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a loan refinance related to Plaintiff's property at 6650 18th Avenue in Sacramento, California ("subject property"). See Plaintiff's Complaint, Doc. #2-1 ("Comp.") ¶ 1. According to the Complaint, Plaintiff has owned and lived at the subject property since 1979, and in 2007, Plaintiff refinanced his mortgage and obtained the loan at issue. Id. at ¶¶ 1, 6. Plaintiff's loan was secured by the subject property and is a "'payment option ARM,' an adjustable rate mortgage in which he may select the monthly payment amount [each month]." Id. ¶ 6. "Through this plan, it is possible that his monthly payment will be less than the monthly interest, and thus the principal amount may increase []." Id. Plaintiff attaches to the Complaint a disclosure statement he received when he obtained his loan. Id. at Exhibit A. It includes the following language: "In the event your balance exceeds your original loan by 120%, the payment amount may change more frequently and you will no longer have a minimum payment option." Id.

On May 4, 2011, Aurora Bank, Defendant's predecessor, sent Plaintiff a letter notifying him that his loan would reach the maximum amount of $363,000 on August 1, and that his minimum payment would increase. Comp. ¶ 6. Plaintiff could not afford the higher payment, and the loan went into default. Id. ¶ 7.

On February 16, 2012, Plaintiff's counsel sent a letter to Aurora Bank "demanding correction of the error in payment amount." To date, neither Aurora Bank nor Defendant have

2

responded. Comp. at ¶ 8.

Plaintiff filed the operative Complaint in Sacramento Superior Court on September 28, 2012, which included claims under federal and state law. See Doc. #2. At the time Plaintiff filed his Complaint, a trustee's sale was scheduled for October 10, 2012. Comp. at ¶ 7. Defendant removed the case to this Court on October 26, 2012, pursuant to 28 U.S.C. §§ 1441 and 1332. Doc. #2.

## II. OPINION

### A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

1  Upon granting a motion to dismiss for failure to state a
2  claim, the court has discretion to allow leave to amend the
3  complaint pursuant to Federal Rule of Civil Procedure 15(a).
4  "Dismissal with prejudice and without leave to amend is not
5  appropriate unless it is clear . . . that the complaint could not
6  be saved by amendment." Eminence Capital, L.L.C. v. Aspeon,
7  Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

   B.   Defendant's Request for Judicial Notice

9  Defendant filed a Request for Judicial Notice concurrently
10 with the pending Motion to Dismiss. Doc. #8. Defendant requests
11 the Court take judicial notice of a Deed of Trust recorded in
12 Sacramento County (Doc. #8, Exhibit A), and an October 5, 2012,
13 Minute Order from Sacramento Superior Court, denying Plaintiff's
14 ex parte application for a restraining order (Doc. #8, Exhibit
15 B). Plaintiff objects to the Court taking judicial notice of
16 both documents. Doc. #15-1.

17 Generally, the Court may not consider material beyond the
18 pleadings in ruling on a motion to dismiss for failure to state a
19 claim. The exceptions are material attached to, or relied on by,
20 the complaint so long as authenticity is not disputed, or matters
21 of public record, provided that they are not subject to
22 reasonable dispute. E.g., Sherman v. Stryker Corp., 2009 WL
23 2241664 at *2 (C.D. Cal. Mar. 30, 2009) (citing Lee v. City of
24 Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) and FED. R. EVID.
25 201).

26 The Deed of Trust is the proper subject of a request for
27 judicial notice because it is a public record; accordingly,
28 Plaintiff's objections are overruled. See FED. R. EVID. 201.

4

However, the Deed of Trust is not relevant to the Court's analysis of the Motion to Dismiss, and therefore, Defendant's request is denied. Id. As to the Minute Order from Sacramento Superior Court, this Court may take judicial notice of its existence but "'not [of] the truth of the facts recited therein . . . .'" Lee, 250 F.3d at 690 (quoting Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd., 181 F.3d 410, 236-27 (3d Cir. 1999)). However, because this order is also not relevant to issues presented by the pending Motion to Dismiss, the Court denies Defendant's request for judicial notice of the Minute Order. See FED. R. EVID. 201.

### C. Plaintiff's Claims for Relief

Defendant first argues that all six of Plaintiff's claims must fail because the Complaint only makes allegations of misconduct against Defendant Aurora Bank and not moving Defendant. Defendant's Motion to Dismiss, Doc. #7 ("MTD") at 6. In his Opposition, Plaintiff argues that as Aurora's predecessor, Defendant is responsible for Aurora's alleged misconduct. Plaintiff's Opposition to Defendant's Motion to Dismiss, Doc. #15 ("OPP") at 4-5. Defendant provides no response to this argument in its Reply, conceding the potential for liability as Aurora's predecessor. See Defendant's Reply, Doc. #18 ("REP"). Accordingly, the Court denies Defendant's Motion on this basis.

Next, Defendant asks the Court to look to the terms of the parties' contract, evaluate Plaintiff's claims, and find that Plaintiff's causes of action one through five fail. MTD at 7-8. It is inappropriate at the motion to dismiss stage for this Court to interpret the parties' contract and evaluate the viability of

5

Plaintiff's claims based on the terms of the contract. See New Hampshire Ins. Co. v. R.L. Chaides Construction Co., 847 F. Supp. 1452, 1455 (N.D. Cal. 1994) (the "interpretation of [] contracts raise questions of law and thus are particularly amenable to summary judgment"). The Court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the Plaintiff. See Cruz v. Beto, 405 U.S. 319, 322 (1972). Therefore, Defendant's Motion to Dismiss based on an interpretation of the parties' contract is denied because it is inappropriate for the Court to evaluate the "logical[] . inconsisten[cies]" of Plaintiff's Complaint at this stage. See id.

The Court now turns to Defendant's arguments as to each of Plaintiff's individual causes of action.

1. Breach of Contract

Defendant argues Plaintiff's breach of contract claim must be dismissed because Plaintiff did not include any facts in his Complaint regarding the terms of the contract and Plaintiff failed to plead two essential elements of a breach of contract claim. MTD at 8.

In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008) (citations omitted). As correctly asserted by Defendant, each element must be pled with specificity, including the contract's terms. Levey

1 v. State Farm Mut. Auto Ins. Co., 150 Cal. App. 4th 1, 5 (2007);
2 Gautier v. General Tel. Co., 234 Cal. App. 2d 302, 305 (1965)
3 (holding that pleading with specificity requires setting out the
4 actual terms of the contract). Plaintiff directs the Court to
5 paragraphs six and seven of his Complaint, apparently arguing
6 that he has sufficiently pled the terms of the contract. OPP at
7 6. However, as Defendant argues, these paragraphs do not contain
8 any information about the express terms of the contract, as
9 agreed to between himself and Aurora Bank or Defendant, and there
10 are no other facts anywhere else in the Complaint describing the
11 terms of the contract. See MTD at 8-9; Levey, 150 Cal. App. 4th
12 at 5. For this reason, Plaintiff's breach of contract claim
13 cannot withstand Defendant's Motion to Dismiss. Levey, 150 Cal.
14 App. 4th at 5.

15 Defendant correctly argues that Plaintiff's breach of
16 contract claim must also fail because Plaintiff failed to plead
17 two essential elements of the cause of action: his own
18 performance under the contract and damages. MTD at 9; see
19 Twombly, 550 U.S. at 570. Defendant's Motion to Dismiss is also
20 granted on this basis.

21 Defendant does not argue that allowing amendment would be
22 futile in this case; accordingly, Plaintiff's breach of contract
23 claim is dismissed without prejudice. See Eminence Capital,
24 L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

25     2. Specific Performance

26 As argued by Defendant, specific performance is not an
27 independent cause of action for injury, but an equitable remedy.
28 Wong v. Tai Jing, 189 Cal. App. 4th 1354, 1360-61 n.2 (2010).

1  Thus, insofar as this has been pled as a distinct cause of
2  action, it is dismissed with prejudice. See id.
3      "To obtain specific performance after a breach of contract,
4  a plaintiff must generally show: '(1) the inadequacy of his legal
5  remedy; (2) an underlying contract that is both reasonable and
6  supported by adequate consideration; (3) the existence of a
7  mutuality of remedies; (4) contractual terms which are
8  sufficiently definite to enable the court to know what it is to
9  enforce; and (5) a substantial similarity of the requested
10 performance to that promised in the contract.'" Real Estate
11 Analytics, LLC v. Vallas, 160 Cal. App. 4th 463, 472 (2008)
12 (quoting Tamarind Lithography Workshop, Inc. v. Sanders, 143 Cal.
13 App. 3d 571, 575(1983)).
14     As set forth above and argued by Defendant, Plaintiff's
15 breach of contract claim was deficient because the operative
16 Complaint contains no facts regarding the express terms of the
17 contract, which is fatal to Plaintiff's specific performance
18 claim. See supra at II.C.1; Real Estate Analytics, 160 Cal. App.
19 4th at 472.
20     In addition, as argued by Defendant, specific performance is
21 not available to a party who has not fully performed. CAL. CIV.
22 CODE § 3392. Absent actual performance, a party must show that
23 they offered to perform or that their nonperformance was excused.
24 Reyburn v. Young, 11 Cal. App. 2d 478, 479 (1936). The party
25 must also show that he "was ready, willing and able to perform
26 both at the time the original contract was entered into and
27 during the specific performance action." Ninety Nine
28 Investments, Ltd. v. Overseas Courier Service (Singapore)

1  Private, Ltd., 113 Cal. App. 4th 1118, 1126-27 (2003). Plaintiff
2  concedes that he defaulted on the contract, and nowhere in the
3  Complaint does he allege that he is presently ready, willing, and
4  able to perform. See OPP and Comp. Without any of these
5  requisite allegations, Plaintiff's claim for specific performance
6  must be dismissed. See Ninety Nine Investments, 113 Cal. App.
7  4th at 1126-27. In light of this finding, the Court need not
8  address the other grounds for dismissal presented by Defendant.
9  Since Defendant does not argue that allowing amendment would be
10 futile, its Motion to Dismiss is granted without prejudice. See
11 Eminence Capital, 316 F.3d at 1052.

   3.   Negligent Performance of Contract

13 Plaintiff contends that Defendant owed a duty to the
14 Plaintiff "not to perform [the contract] negligently." Comp. ¶
15 16. Defendant argues this claim must be dismissed because it
16 cannot be properly asserted against it, as a lender, in this
17 case. MTD at 10-11.
18 In California, "conduct amounting to a breach of contract
19 becomes tortious only when it also violates a duty independent of
20 the contract arising from principles of tort law. 'An omission
21 to perform a contract obligation is never a tort, unless that
22 omission is also an omission of a legal duty.'" Erlich v.
23 Menezes, 21 Cal. 4th 543, 551 (1999) (quoting Applied Equipment
24 Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 515 (1994)).
25 As Defendants correctly argue, financial institutions do not owe
26 a duty of care to borrowers insofar as the institution is acting
27 merely as a lender of money. Nymark v. Heart Fed. Savings & Loan
28 Ass'n, 231 Cal. App. 3d 1089, 1096 (1991). Courts have applied

9

this rule to loan servicers acting within the scope of their capacity as a loan servicer. Wadhwa v. Aurora Loan Services LLC, Civ. No. S-11-1784-KJM-KJN, 2012 WL 762020, at *6 (E.D. Cal. 2012) (citing Huerta v. Ocwen Loan Servicing, No. C 09-05822(HRL), 2010 WL 728223, at *4 (N.D. Cal. 2010)); Palestini v. Homecomings Financial LLC, 2010 WL 3339459, at *5, 7 (S.D. Cal 2010).

As argued by Defendant, Plaintiff does not allege a legal duty arising out of any special circumstances in either his Complaint or Opposition. MTD at 10-11. Instead, Plaintiff seeks to hold Defendant liable solely for the alleged act of entering into the contract with Plaintiff. See id.; Comp. Since Plaintiff has not pled any facts to give rise to a legal duty independent from performing the contract, his claim for negligent performance of the contract must fail. See Erlich, 21 Cal. 4th at 551-52. However, because Defendant does not argue that allowing amendment would be futile, the Motion to Dismiss Plaintiff's negligent performance of contract claim is granted without prejudice. See Eminence Capital, 316 F.3d at 1052.

### 4. Negligent Misrepresentation

Plaintiff alleges that Defendant made representations in the disclosure documents "without reasonable ground[s] for believing them to be true," giving rise to a claim for negligent misrepresentation. Comp. ¶ 18 and Exhibit A. Defendant moves to dismiss this claim, arguing Plaintiff did not plead the elements with particularity, as required by Federal Rule of Civil Procedure 9(b). MTD at 11-13.

A claim for negligent misrepresentation requires: "(1) a

10

misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." Fox v. Pollack, 181 Cal. App. 3d 954, 962 (1986).

Contrary to Plaintiff's assertions regarding the applicable pleading standard, "[i]n the 9th Circuit, 'claims for negligent representation must meet Rule 9(b)'s particularity requirements.'" Roberts v. UBS AG, 2013 WL 394707 (E.D. Cal. Jan. 20, 2013) (quoting Nelison v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003)); see also Kelley v. Rambus, Inc., 384 F. App'x 570, at *2 (9th Cir. 2010)(dismissing a negligent misrepresentation claim for failing to meet "heightened pleading standards of Rule 9(b)").[3] When making allegations of fraud, Rule 9(b) requires the allegations "be accompanied by the 'who, what, when, where, and how' of the misconduct charged." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009)(quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997). The purpose of Rule 9(b)'s higher pleading

---

[3] Defendant's motion and reply cite to a securities fraud case, In re Glenfield, Inc. Securities Litigation, 42 F.3d 1541 (9th Cir. 1994), in support of the proposition that negligent misrepresentation claims must be pled to satisfy Rule 9(b). MTD at 11; REP at 6. Plaintiff correctly argues that the case is not on point. Opp. at 9. While the plaintiff in Glenfield alleged securities fraud and negligent misrepresentation, the court's Rule 9(b) discussion only analyzes the district court's dismissal of the "federal securities claims." In re Glenfield, 42 F.3d at 1545. Notwithstanding Defendant's misplaced reliance on Glenfield, Defendant has correctly pointed to Nelison v. Union Bank of California, N.A. as appropriate authority on this issue.

11

1  standard is to put the defendant sufficiently on notice of the
2  particular misconduct. Id.

3  Defendants correctly argue that Plaintiff fails to allege
4  any of the elements of his claim with the requisite
5  particularity. MTD at 12. Indeed, Plaintiff pleads only that
6  "at the time defendants made the representations [in the
7  disclosure document attached as Exhibit A], it was without
8  reasonable ground for believing them to be true, in that
9  defendants had access to correct information. . . . [and] that
10 they represented themselves as knowledgeable and skilled in
11 mortgage financing for the purpose of having plaintiffs
12 justifiably rely on them." Plaintiff then simply alleges that
13 this resulted in damages. Comp. ¶¶ 18-19.

14 Missing from the Complaint are allegations about what the
15 supposed misrepresentation was, facts substantiating the
16 conclusory allegation that there was no reasonable ground for
17 either named defendant to believe the "misrepresentation" in the
18 disclosure document to be true, or that the misrepresentation
19 induced Plaintiff to do anything. See MTD at 12. Nor does
20 Plaintiff plead any facts to show reliance, an essential element
21 of a negligent misrepresentation action. Id. Plaintiff's vague
22 and conclusory allegations do not come close to satisfying the
23 pleading standard set forth in Rule 9(b). Kearns, 567 F.3d at
24 1125. Accordingly, Plaintiff's claim for negligent
25 misrepresentation is dismissed. However, since Defendant does
26 not argue that allowing amendment would be futile, the Motion to
27 Dismiss is granted without prejudice. See Eminence Capital, 316
28 F.3d at 1052.

### 5. Injunctive Relief

Plaintiff's fifth cause of action alleges a "claim" for injunctive relief. As with specific performance, injunctive relief is not an independent claim, but an equitable remedy. See Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010); MTD at 13. Thus, insofar as this has been pled as a distinct cause of action, it is dismissed with prejudice.

### 6. RESPA Violation

Plaintiff alleges Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, by failing to respond to a Qualified Written Request ("QWR"). Comp. ¶ 8, 24. Defendant argues Plaintiff's RESPA claim must be dismissed because there are no facts in the Complaint substantiating Plaintiff's claim that the letter he sent was a QWR pursuant to RESPA, nor does Plaintiff allege he suffered a pecuniary loss as a result of any alleged failure to respond to the letter. MTD at 13-15.

RESPA provides that a QWR must "include[] a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." Id. § 2605(e)(1)(B)(ii). Although Plaintiff contends he properly alleged his letter was a qualifying QWR, by merely stating in the Complaint that the letter he sent was a QWR, it is clear that these allegations are insufficient and Plaintiff's RESPA claim should be dismissed. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (legal conclusions are not entitled to the same assumption

13

of truth as a Complaint's factual allegations).

Plaintiff's RESPA claim also fails because he merely alleges that he "suffered actual damages, to be proven at trial." Comp.; see Lal v. Am. Home Servicing, 680 F. Supp. 2d 1218, 1223 (E.D. Cal. 2010). Defendant correctly argues that this allegation of pecuniary loss is deficient, as there are no facts in the Complaint demonstrating a quantifiable loss as the result of any alleged failure to respond to a QWR. MTD at 14-15; Lal, 680 F. Supp. 2d at 1223. Accordingly, Plaintiff's RESPA claim is dismissed. However, since Defendant does not argue that allowing amendment would be futile, the Motion to Dismiss is granted without prejudice. See Eminence Capital, 316 F.3d at 1052.

### III. ORDER

For the reasons set forth above, Defendant's Motion to Dismiss is hereby GRANTED, as followed:

1. Plaintiff's breach of contract claim is DISMISSED, WITHOUT PREJUDICE;

2. Plaintiff's specific performance claim, insofar as it is pled as a separate cause of action, is DISMISSED, WITH PREJUDICE, and as a remedy, is DISMISSED WITHOUT PREJUDICE;

3. Plaintiff's negligent performance of contract claim is DISMISSED, WITHOUT PREJUDICE;

4. Plaintiff's negligent misrepresentation claim is DISMISSED, WITHOUT PREJUDICE;

5. Plaintiff's injunctive relief claim, insofar as it is pled as a separate cause of action, is DISMISSED, WITHOUT PREJUDICE; and

6.  Plaintiff's RESPA claim is DISMISSED, WITHOUT PREJUDICE.

Plaintiff's amended complaint must be filed within twenty (20) days of this Order.

IT IS SO ORDERED.

Dated:  March 15, 2013

JOHN A. MENDEZ
UNITED STATES DISTRICT JUDGE