UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR GARDNER,<br><br>        Plaintiff,<br><br>  v.<br><br>RSM&A FORECLOSURE SERVICES, LLC, et al.,<br><br>        Defendants. | No. 12-CV-2666-JAM-AC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE** |

    This matter comes before the Court on Defendant Nationstar Mortgage LLC's ("Defendant") Motion to Dismiss ("MTD") (Doc. #22) Plaintiff Edgar L. Gardner's ("Plaintiff") First Amended Complaint ("FAC") (Doc. #21) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Plaintiff opposes the motion ("Opposition") (Doc. #23).  Defendant filed a reply to the Opposition (Doc. #26).  For the following reasons, Defendant's motion is granted.

///

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was originally scheduled for June 5, 2013.

1

1           I.    FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND
2      This case arises out of a loan refinance related to
3 Plaintiff's property at 6650 18th Avenue in Sacramento,
4 California ("subject property").  FAC ¶¶ 1, 6.  Defendant
5 previously moved to dismiss Plaintiff's complaint and that motion
6 was granted with leave to amend (Doc. #20). According to the FAC,
7 Plaintiff has owned and lived at the subject property since 1979,
8 and in 2007, Plaintiff refinanced his mortgage and obtained the
9 loan at issue.  FAC ¶ 6.  The loan was secured by the subject
10 property and is a payment option adjustable rate mortgage in
11 which Plaintiff could initially select the monthly payment
12 amount.  Id.
13      A disclosure statement regarding the loan received by
14 Plaintiff indicates that through the plan it is possible the
15 monthly payment will be less than the monthly interest, thereby
16 increasing the principal amount on the loan (negative
17 amortization).  Exhibit A, Disclosure, Doc. #21-1.  The
18 disclosure includes the following language:  "In the event your
19 balance exceeds your original loan amount by 120.00%, the payment
20 amount may change more frequently and you will no longer have a
21 minimum payment option."  Ex. A.
22      The Adjustable Rate Note entered into by the parties
23 reiterates the possibility of negative amortization and states
24 that the unpaid principal amount "can never exceed a maximum
25 amount equal to 120.000%" of the principal amount originally
26 borrowed.  Exhibit B, Adjustable Rate Note, Doc. #21-1.  The Note
27 indicates the holder will redetermine the monthly payment amount
28 ///

2

"[i]n the event the unpaid Principal would otherwise exceed that 120.000% limitation." Id.

According to the FAC, on May 4, 2011, Aurora Bank (Defendant's predecessor), notified Plaintiff that his loan would reach the 120% limitation ("negative amortization limit") on August 1, and that his minimum payment would jump from $1318.76 to $2531.99. FAC ¶ 7. Plaintiff was unable to pay the new monthly amount and the loan went into default. Id. A trustee's sale was scheduled for October 10, 2012. Id.

On February 16, 2012, Plaintiff's Counsel sent a letter to Aurora Bank "indicating that defendants improperly increased his monthly loan payment" and "demanding correction of the error in payment amount." FAC ¶ 8. Neither Aurora Bank, nor Defendant, has responded. Id.

Plaintiff filed the original Complaint in Sacramento Superior Court on September 28, 2012. Doc. #2-1. The case was removed to this Court on October 26, 2012, based on diversity jurisdiction. Doc. #2. The FAC was filed April 4, 2013, alleging claims under federal and state law. Doc. #21.

II. OPINION

A. Legal Standard

A party may move to dismiss an action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.
///

3

Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972). Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

Upon granting a motion to dismiss for failure to state a claim, the court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

B.   Discussion

Defendant contends the FAC fails to allege charging conduct against Defendant. MTD at 5-6. In addition, Defendant argues Plaintiff merely alleges conduct by non-parties Aurora and American Brokers Conduit as support for his claims for relief, and the FAC should therefore be dismissed. Id. Plaintiff argues that Defendant was a successor to Aurora and is liable for the conduct charged. FAC ¶ 4, 7.

///

4

"'[A]s a matter of law, allegations of agency, vicarious liability, and/or respondeat superior are not required. A person legally responsible for an act may be alleged to have committed it without going into the theories which support that ultimate fact.'" Hernandez v. Hilltop Financial Mortg., Inc., 622 F. Supp. 2d 842, 852-853 (N.D. Cal. 2007) (alteration in original) (quoting Greenberg v. Sala, 822 F. 2d. 882, 886 (9th Cir. 1987)); see also Marcelos v. Dominguez, 2008 WL 2788173 at *7 (N.D. Cal. 2008). At this early stage, the exact relationship and theory of liability need not be proven. The validity of Plaintiff's theories of liability will turn on the facts of this case. Accordingly, the Court finds it would be improper to decide the case on these grounds before Plaintiff is afforded an opportunity to present those facts. Hernandez, at 852. The Court addresses Defendant's attacks on the merits of the claims individually.

### 1. Breach of Contract

Defendant argues Plaintiff's breach of contract claim must be dismissed because Plaintiff has failed to properly plead the contract's terms, Plaintiff's performance under the contract, or damages. MTD at 6.

In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal.App.4th 1226, 1239 (2008) (citations omitted).

Plaintiff has attached to the FAC the note and the disclosure form from which his claims arise and thus has properly

5

pled the contract's terms. Ex. A; Ex. B. However, Plaintiff has failed to allege facts that properly establish damages resulting from the alleged breach by Defendant.

Plaintiff asserts the terms of the loan agreement allowed Defendant to raise the payment amount, but only once the balance had already exceeded the negative amortization limit. FAC ¶¶ 6-7, 10. Defendant claims the contract's terms clearly indicate it was authorized to raise the amount so as to avoid the principal balance exceeding that limit. MTD at 6-7. Thus, the dispute is over the exact point at which the payment amount could be adjusted upward. At the motion to dismiss state, this Court must accept as true and draw all reasonable inferences in favor of the Plaintiff. See Cruz, 405 U.S. at 322.

Although Plaintiff contends Defendant breached the contract by increasing the payment amount before the loan balance exceeded the negative amortization limit, he does not dispute Defendant's contention that the negative amortization limit would have been exceeded shortly thereafter. FAC ¶ 10; MTD at 6-7. Plaintiff concedes he was unable to afford the increased payment amount; thus, he would have been unable to perform on the contract once the limit had been exceeded. FAC ¶ 7. Therefore, the injuries alleged—damage to Plaintiff's consumer credit history and home mortgage creditworthiness with resulting financial loss and notice of default on the loan—would have inevitably resulted once the negative amortization limit was exceeded shortly after Defendant's alleged breach and Plaintiff was unable to perform on the contract. FAC ¶ 11. See DeLeon v. Wells Fargo Bank, N.A., 10-CV-01390-LHK, 2011 WL 311376, at *7-9 (N.D. Cal. 2011)

("Without some factual basis suggesting that Plaintiffs could have cured the default . . ., the Court cannot reasonably infer that [Defendant's] alleged misrepresentations resulted in the loss of Plaintiff's home.").

Defendant's motion to dismiss Plaintiff's breach of contract claim is therefore granted. The Court finds that further amendment would be futile on this claim since, by his own admission, Plaintiff would have been unable to perform on the contract by paying the increased payment amount when authorized. Accordingly, the breach of contract claim is dismissed with prejudice. Eminence Capital, L.L.C. v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003).

### 2. Negligent Misrepresentation

Plaintiff alleges an agent or agents of Defendant made representations "without reasonable grounds for believing [them] to be true" in order to "induce plaintiff to enter the loan transaction." FAC ¶ 13. According to Plaintiff, he would not have entered into the loan agreement "but for defendant's misrepresentations," thereby giving rise to claims for negligent misrepresentation and fraudulent inducement. FAC ¶¶ 13, 24. Defendant moves to dismiss the claims, arguing Plaintiff failed to plead each of the elements with the requisite particularity, as required by Federal Rule of Civil Procedure 9(b). MTD at 7-8.

A claim for negligent misrepresentation requires: "(1) a misrepresentation of a past or existing material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) ignorance of the truth and justifiable

7

1  reliance thereon by the party to whom the misrepresentation was
2  directed, and (5) damages." Fox v. Pollack, 181 Cal.App.3d 954,
3  962, 226 Cal.Rptr. 532 (1986).
4      "In the Ninth Circuit, 'claims for fraud and negligent
5  representation must meet Rule 9(b)'s particularity
6  requirements.'" Roberts v. UBS AG, 2013 WL 394701 (E.D. Cal.
7  2013) (quoting Neilson v. Union Bank of Cal., N.A., 290 F. Supp.
8  2d 1101, 1141 (C.D. Cal. 2003)); see also Kelley v. Rambus, Inc.,
9  384 F. App'x 570, at *2 (9th Cir. 2010) (dismissing a negligent
10 misrepresentation claim for failing to meet "heightened pleading
11 standards of Rule 9(b)").  When making allegations of fraud, Rule
12 9(b) requires the allegations "be accompanied by the 'who, what,
13 when, where, and how' of the misconduct charged." Kearns v. Ford
14 Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Cooper v.
15 Pickett, 137 F.3d 616, 627 (9th Cir. 1997).  The purpose of Rule
16 9(b)'s higher pleading standard is to put the defendant
17 sufficiently on notice of the particular misconduct.  Id.
18     The first requirement of a claim for negligent
19 misrepresentation is a misrepresentation of a "past or existing
20 *material* fact." Fox v. Pollack, 181 Cal.App.3d at 962 (emphasis
21 added).  The documents Plaintiff has attached to the FAC and
22 which serve as the basis of his claims clearly state that
23 Plaintiff's payment amount may change in the future under certain
24 circumstances.  Ex. A; Ex. B.  Plaintiff's theory is that
25 Defendant represented to him that the payment amount would not
26 change until after the negative amortization limit was reached.
27 But, when that representation was made, it was then an "existing,
28 material fact" that Defendant intended to increase the payment

8

immediately before the limit was reached instead.  This "misrepresentation" of the exact timing was made with the intent to thereby induce Plaintiff to enter the loan agreement. Accepting Plaintiff's claims as true, the Court does not find this minor difference in time to be a "material" fact that Plaintiff justifiably relied upon when entering into the contract.

Even assuming justifiable reliance on this alleged "misrepresentation," "no liability attaches if the damages sustained were otherwise inevitable or due to unrelated causes." Kruse v. Bank of Am., 202 Cal.App.3d 38, 60-61 (1988).  As discussed above, Defendant would have been authorized to raise the payment amount shortly after the increase occurred.  Because Plaintiff was unable to pay the increased amount, the damages that resulted would have been incurred even if Defendant had performed according to Plaintiff's understanding of Defendant's representations.  Accordingly, Defendant's motion to dismiss the negligent misrepresentation claim is granted.  Based on Plaintiff's own factual allegations, the Court finds that amendment of this cause of action would be futile, and therefore it is dismissed with prejudice.

### 3. Fraudulent Inducement

Plaintiff's claim for fraudulent inducement (mislabeled in the FAC as "Seventh Cause of Action") relies on his allegations of a material misrepresentation and resulting damages. Lazar v. Superior Court, 12 Cal. 4th 631, 638-639 (1996).  Therefore, it too fails for the above reasons.  Accordingly, Plaintiff's claim for fraudulent inducement is dismissed with prejudice.

      4.   RESPA

Plaintiff's alleges a violation of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605 et seq. FAC ¶ 16. (This claim is mislabeled in the FAC as the "Fifth Cause of Action".) Specifically, Plaintiff alleges that Defendant violated 12 U.S.C. § 2605(e) by failing to respond to Plaintiff's qualified written request. Id.; Opp. at 13-14.

A qualified written request is a written correspondence that enables the servicer to identify the name and account of the borrower and includes a statement describing why the borrower believes the account is in error. 12 U.S.C. § 2605(e)(1)(B). "The loan servicer is required to respond by making appropriate corrections to the borrower's account, if necessary and, after conducting an investigation, providing the borrower with a written clarification or explanation. 12 U.S.C. § 2605(e)(2)." Keen v. Am. Home Mortg. Servicing, Inc., 664 F. Supp. 2d 1086, 1097 (E.D. Cal. 2009.)

Plaintiff alleges that on February 16, 2012, he mailed a qualified written request to Aurora indicating that his monthly loan payment was improperly increased and demanding correction. FAC ¶ 8. However, Defendant points out that the FAC does not contain allegations that any written communications were sent to Defendant. MTD at 10.

Plaintiff's inability to allege that Defendant was the loan servicer at the time in question is fatal to his claim because "under RESPA § 2605, only a loan servicer has a duty to respond to a borrower's inquiries." Gonzalez v. First Franklin Loan Services, No. 1:09-CV-00941, 2010 WL 144862, at *12 (E.D. Cal.

2010). Furthermore, Plaintiff has not alleged any facts in the FAC demonstrating that Defendant ever received the qualified written request as required by 12 U.S.C. § 2605(e)(1)(A). See Gusenkov v. Residential Mortg. Capital, Inc., No. 2:10-cv-1421-MCE-JFM, 2010 WL 3127045, at *5 (E.D. Cal. 2010); Morilus v. Countrywide Home Loans, Inc., 2007 WL 1810676, at *3 (E.D. Pa. 2007) ("A party to the loan transaction is not subject to RESPA requirements for responding to a qualified written request unless that party actually received the qualified written request."). Because Plaintiff has not pled facts demonstrating that Defendant was his loan servicer when the qualified written request was sent or that Defendant ever received the request, Plaintiff has failed to establish that Defendant had a duty to respond under REPSA. See Gardner v. Am. Home Mortg. Servicing, Inc., 691 F. Supp. 2d 1192, 1200 (E.D. Cal. 2010).

Plaintiff has already amended his complaint once, and it is clear that further amendment would be futile. Accordingly, the Defendant's motion to dismiss Plaintiff's RESPA claim is granted, with prejudice. Because the Court finds Plaintiff has failed to demonstrate a qualified written request was sent to Defendant, Defendant's further contention that Plaintiff failed to allege damages as a result of the RESPA violation need not be addressed.

5.   Declaratory Relief

Declaratory relief is not an independent claim, rather it is a form of relief. Lane v. Vitek Real Estate Indus. Group, 713 F. Supp. 2d 1092, 1104 (E.D. Cal. 2010). Since Plaintiff's other claims have been dismissed, there is no basis for declaratory relief. See Progeny Ventures, Inc. v. Western Union Financial

1  Services, Inc., 752 F. Supp. 2d 1127, 1135 (C.D. Cal. 2010). The
2  Court grants Defendant's motion as to Plaintiff's cause of action
3  for declaratory relief.

### III. ORDER

For the reasons set forth above, Defendant's Motion to Dismiss is GRANTED WITH PREJUDICE.  Plaintiff's FAC is dismissed in its entirety.

IT IS SO ORDERED.

Dated: June 25, 2013

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE